UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00144-FDW

| | |
|---|---|
| NON-PARTY CERTAIN MATCHING CLAIMANTS, ) ) ) Appellant, ) ) v. ) ) ALDRICH PUMP LLC, ) ) Appellee. ) ) | **ORDER** |

**THIS MATTER** is before the Court on the Non-Party Certain Matching Claimants' ("Appellants") Motion for Stay Pending Appeal ("Motion to Stay"), filed on March 24, 2023. (Doc. No. 2). Appellants' Motion is fully briefed and is now ripe for review. For the reasons set forth herein, Appellants' Motion, (Doc. No. 2), is **GRANTED**.

### I. BACKGROUND

On February 22, 2023, the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court") entered its Order Denying Appellant Non-Party Certain Matching Claimants' Motion to Proceed Anonymously ("Order Denying Anonymity"). Order Denying Motion to Proceed Anonymously, AC&S Asbestos Settlement Trust *et al.* v. Aldrich Pump LLC and Murray Boiler LLC, Case No. 23-mp-00300 (JCW) (Bankr. W.D.N.C. Feb. 22, 2023), ECF No. 21. Thereafter, Appellants filed the instant Motion to Stay, (Doc. No. 2), requesting entry of an order staying the effect of the Bankruptcy Court's Order pending their appeal of the Order Denying Anonymity Motion.

This case arises from subpoenas served by Aldrich Pump LLC and Murray Boiler ("Appellees") on ten asbestos bankruptcy trusts and their New Jersey-based claims processor,

1

Verus Claims Services LLC ("Verus"). (Doc. No. 2). The subpoenas target the information of around 12,000 mesothelioma victims who have previously settled their claims against Appellees. (Id.). On August 19, 2022, Verus filed motions to quash the subpoenas in the United States District Court for the District of New Jersey, and Appellants joined the motions on September 2, 2022.[1] On the same day, Appellants also filed a Motion to Proceed Anonymously.[2] On January 4, 2023, the New Jersey District Court granted Appellees' Motion to Transfer.[3]

At the hearing on February 14, 2023, the Bankruptcy Court denied Appellants' request to proceed anonymously. Order Denying Motion to Proceed Anonymously, AC&S Asbestos Settlement Trust *et al.* v. Aldrich Pump LLC and Murray Boiler LLC, Case No. 23-mp-00300 (JCW) (Bankr. W.D.N.C. Feb. 22, 2023), ECF No. 21. The court additionally directed Appellants to identify themselves by their full names but stayed the requirement for thirty-one days to allow them to seek a stay pending appeal from this Court. Id. Appellants appealed the Order Denying Anonymity on March 7, 2023, (Doc. No. 1), and then filed the present Motion to Stay on March 24, 2023. (Doc. No. 2). On April 7, 2023, Appellee Aldrich Pump filed its Memorandum in Opposition to Appellants' Motion, (Doc. No. 3), and on April 14, Appellants filed their Reply, (Doc. No. 5). Additionally, on April 27, Appellants filed a Notice of Supplemental Authority, (Doc. No. 6), to which Appellee responded on May 5. (Doc. No. 7).

---

[1] Notice of Motion to Quash Subpoena and to Stay, In re Aldrich Pump LLC, *et al.*, Case No. 3:22-cv-05116-MAS-TJB (D.N.J. Aug. 19, 2022), ECF No. 5; Notice of Non-Party Certain Matching Claimants' Joinders and Motion to Quash, In re Aldrich Pump LLC, *et al.*, Case No. 3:22-cv-05116-MAS-TJB, ECF No. 13.

[2] Notice of Non-Party Certain Matching Claimants' Motion to Proceed Anonymously, In re Aldrich Pump LLC, *et al.*, Case No. 3:22-cv-05116-MAS-TJB, ECF No. 14.

[3] Consent Order Regarding Respondents Aldrich Pump LLC and Murray Boiler LLC's Motion to Transfer Subpoena-Related Motions to the Issuing Court, the United States Bankruptcy Court for the Western District of North Carolina, In re Aldrich Pump LLC, *et al.*, Case No. 3:22-cv-05116-MAS-TJB, ECF No. 48.

## II. ANALYSIS

This Court has held that the preliminary injunction standard applies to the issuance of a stay pending appeal. In Re Kaiser Gypsum Co., Inc. et al., Debtors, No. 3:20-CV-537, 2021 WL 3476138 (W.D.N.C. Aug. 6, 2021). The United States Bankruptcy Court for the Middle District of North Carolina explained:

> In *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365 (2008), the Supreme Court addressed the appropriate rubric for courts considering whether to grant a preliminary injunction. The Court stated that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In re Franklin, No. 19-80661, 2020 WL 603900, at *3 (W.D.N.C Feb. 6, 2020).

"The Fourth Circuit interpreted Winter to require that 'all four requirements must be satisfied' for a court to impose a preliminary injunction." Id. (quoting Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds and remanded, 559 U.S. 1089 (2010), standard reaffirmed in 607 F.3d 355 (4th Cir. 2010)). Thus, "a party requesting a preliminary injunction in the Fourth Circuit must independently demonstrate every aspect entitling the party to an injunction, and a court should not balance the four factors." Id. The decision whether to grant a stay pending appeal lies within the sound discretion of the court, and "the burden on the movant seeking the extraordinary relief of a stay is a 'heavy one.'" Id. (citing In re Gen. Motors Corp., 409 B.R. 24. 30 (Bankr. S.D.N.Y. 2009)).

In support of their Motion to Stay, Appellants cite the Order Granting Motion to Stay Pending Appeal in Aldrich Pump, LLC v. Non-Party Certain Matching Claimants, No. 3:23-cv-99-MOC (W.D.N.C. Apr. 26, 2023), (Doc. No. 6) [hereinafter Aldrich Pump Appeal]. The facts in the Aldrich Pump Appeal are nearly identical to those in this case. There, the appellants were

approximately 12,000 mesothelioma victims whose personal information was sought as nonparties through a subpoena served by Aldrich Pump LLC and Murray Boiler on ten asbestos trusts and their Delaware-based administrator, targeting personal identifying information on the victims who had settled their claims against the debtor. Id. at 2. The Trusts commenced a miscellaneous proceeding in the United States District Court for the District of Delaware to quash or modify the subpoena, joined by their Delaware-based administrator and the appellants. Id. The appellants then filed a Motion to Proceed Anonymously, which was denied by the United States Bankruptcy Court for the Western District of North Carolina once transferred from the Delaware District Court. Id. In their Order Denying Anonymity, the Bankruptcy Court similar directed the appellants to identify themselves by their full names and stayed the requirement for thirty-one days to allow the appellants to seek a stay pending appeal. Id. at 3. The appellants appealed the Order Denying Anonymity and sought a stay of the Order pending their appeal. The decision in the Aldrich Pump Appeal is both informative and persuasive on Appellant's Motion in this matter.[4] The Court agrees with the reasoning therein and similarly **GRANTS** Appellant's Motion based on the successful establishment of the four factors to grant a stay pending appeal.

### A. Likelihood of Success on the Merits

Appellants have established their appeal is likely to succeed on the merits. Although there is a general presumption of openness of judicial proceedings, "under appropriate circumstances anonymity may, as a matter of discretion, be permitted." James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit explained that in considering anonymity requests, courts should consider a number of factors, including:

---

[4] District court opinions do not have precedential value, and as such are not binding authorities, so "they are entitled only to the weight they generate by the persuasiveness of their reasoning." Hupman v. Cook, 640 F.2d 497, 501 (4th Cir. 1981). Thus, while the Aldrich Pump Appeal is not binding, it is a decision from this District Court that presents similar factual and procedural circumstances to this case.

4

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. (collecting cases).

Here, Appellants have demonstrated a strong likelihood of success on their Motion for Anonymity, as "a similar motion to proceed anonymously has already been granted in a parallel proceeding." (Aldrich Pump Appeal, No. 3:23-cv-99-MOC, at 4). The United States District Court for the District of Columbia granted a motion to proceed anonymously that was virtually identical to the one in this action, and ruled that, "weighed against the minimal apartment interest in disclosure, movants' significant and 'legitimate interest in anonymity' and in maintaining the privacy of their personal information are more than sufficient to overcome 'countervailing interests in full disclosure.'" Manville Trust Matching Claimants v. Aldrich Pump LLC, No. 1:22-MC-00080 (D.D.C. Aug. 25, 2022); see also (Aldrich Pump Appeal, at 4).

Furthermore, as in Aldrich Pump Appeal, the issues that will be presented in this case are of first impression. Judge Cogburn ruled that this factor additionally weighs in favor of granting the Motion to Stay:

> As the Appellants note, while Fourth Circuit authority is clear that "compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including the use of a pseudonym," *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014), the Fourth Circuit has not addressed this issue in the context of a debtor in a Chapter 11 proceeding seeking confidential information from potential claimants to create a section 524(g) trust. As an issue of first impression for the Fourth Circuit, "[t]his factor weighs in favor of granting a stay because clear precedent form the Court of Appeals does not dictate the outcome of the substantive issue decided by this court and presented by the appeal." *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995) (citing *Goldstein v. Miller*, 488 F. Supp. 156, 176 (D. Md. 1980)).

5

(Aldrich Pump Appeal, at 8). Thus, As this identical motion to proceed anonymously has been granted by another District Court and presents an issue of first impression, the second factor supports granting the Motion to Stay.

   B. **Likelihood of Irreparable Harm**

Appellants have also shown they would likely face irreparable harm in the absence of a stay. "It is well established that standing alone, the potential for an appeal to be rendered moot does not constitute irreparable harm." Zurich Am. Ins. Co. v. Tessler, No. 03-33532, 2006 WL 983896, at *1 (W.D.N.C. Apr. 12, 2006). However, this Court, like Judge Cogburn, finds that Appellants would be in a worse position than before if the stay is not granted. See In re Kaiser Gypsum 2021 WL 3476138 at *2, (holding that appellants failed to establish they would suffer irreparable harm because they would be in no worse position without the grant of the stay). In the Aldrich Pump Appeal, Judge Cogburn ruled:

> [T]heir appeal will be mooted and their identities as mesothelioma victims, many of whom have engaged in confidential settlement agreements with the Debtors or its predecessors, will be placed on the public record. This could violate the Appellants' right to privacy, as guaranteed by the Fourteenth Amendment, and constitutes irreparable harm. *See Hirschfield v. Stone*, 193 F.R.D. 175, 187 (S.D.N.Y. 2000) ("The harm at issue here – disclosure of confidential information – is the quintessential type of irreparable harm that cannot be compensated or undone by money damages."); *see also Sec. Indus. & Fin. Mkts. Ass'n v. Garfield*, 469 F. Supp. 2d 25, 41 (D. Conn. 2007) (holding that '[i]rreparable harm is defined as certain and imminent harm for which a monetary award does not adequately compensate. Thus, only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'). Granting the stay maintains the status quo and preserves the Appellants' right to review on the merits without first requiring the Appellants to disclose the highly personal information they are seeking to keep confidential. *See In re Charles & Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 53 (Bankr. S.D.N.Y. 1988) (emphasizing the 'critical role a stay pending appeal plays, not only in maintaining the status quo, but in preserving the right to review on the merits.').

Aldrich Pump Appeal, No. 3:23-cv-99-MOC, at 9.

This case presents the same risk of harm to Appellants. If not granted, the lack of a stay would mean that Appellants' identities as mesothelioma victims, many of whom are claimants to settlement amounts, would be revealed. By granting the stay, this Court will maintain the status quo and allow the case to be reviewed on the merits without disclosing such information.

C. The Balance of the Equities

"In determining whether the balance of equities tips in favor of the movant, the Court must balance the likelihood of irreparable harm to [the movant] against the likelihood of substantial harm to the non-movants." BDC Capital, Inc. v. Thoburn Limited Partnership, et al., 508 B.R. 633, 640 (Bankr. E.D.Va. 2014). The balance of the equities does tip in favor of the Appellants, as "[g]ranting the stay will not harm or prejudice the Debtors or any non-moving party." (Aldrich Pump Appeal, at 9). Although Appellees claim Appellants have not provided any information in response to their original subpoenas and Matching Claimants have not consented to the 10% sampling ruling, (Doc. No. 3, p. 12), there is no need for Appellants to be publicly identified at this time. If the Motion to Stay is denied, "Appellants' appeal will be mooted, as they will be forced to place their names on the public record." (Aldrich Pump Appeal, at 10) (citing Becker v. United States, 451 U.S. 1306, 1311 (1981)). Thus, Appellants have shown risk of irreparable harm to themselves, compared to a lack of prejudice or harm to Appellees, such that the balance of the equities weighs in Appellants' favor.

D. The Public Interest

Finally, the public interest factor "requires this Court to 'consider and balance the goal of efficient case administration and the right to a meaningful review on appeal.'" In re Kaiser Gypsum, 2021 WL 3476138, at *2 (citing Patterson v. Mahwah Bergen Retail Grp., Inc., No. 3:21-CV-167, 2021 WL 2653732, at *11 (E.D.Va. June 28, 2021)). As Judge Cogburn ruled there,

although a stay in this case would not encumber the administration of the underlying bankruptcy case here, it would obstruct the right to a meaningful review on appeal because the denial of the stay would likely moot appellate review of the Bankruptcy Court's Order. Aldrich Pump Appeal, No. 3:23-cv-99-MOC, at 6. Moreover, denial of the stay would disclose the identities of thousands of mesothelioma victims, who are "likely recipients of significant confidential settlements," and such a disclosure would "increase[] the Appellant's risk of identity theft and violate[] their right to privacy." Id. Thus, the interests of thousands of claimants and their estates further tips the public interest factor in favor of the Appellants.

### III. CONCLUSION

For the reasons stated above, the Court holds that because Appellants have satisfied the four factors to meet the preliminary injunction standard, a stay is appropriate.

**IT IS THEREFORE ORDERED** that Appellants' Motion to Stay Pending Appeal, (Doc. No. 2), is **GRANTED** and the Order Denying Anonymity Motion is **STAYED** pending Appellants' appeal.

**IT IS SO ORDERED.**

Signed: July 27, 2023

Frank D. Whitney
United States District Judge